[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts: Plaintiff Robert W. Jones appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicles operator's license. The defendant commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested on a charge of driving while under the influence of alcohol. . . .
In his brief to the court, the plaintiff advances essentially two arguments in support of his appeal: (1) that there is insufficient evidence to support the hearing officer's determination that the police had probable cause to arrest the plaintiff on the drunk driving charge and (2) that there is insufficient evidence to support the finding that the plaintiff had been operating the vehicle.
Discussion: . . . The relevant motor vehicle violation statute is § 14-227a(a), which provides "A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor . . . if he operates a motor vehicle on a public highwayof this state or on any (other Public) road . . . while under the influence of intoxicating liquor." (Emphasis added.)
. . . The report of the arresting officer states that on March 3, 1996, at 2:44 A.M., he went to Hoyt Street in New Canaan and discovered a vehicle stuck in the snow "off the East shoulder of Hoyt Street." The plaintiff was in the driver's seat, the keys were in the ignition, but the engine was not running. The report continues:
 The tire tracks in the snow indicated the vehicle had been moved from where it was parked in a driveway off Hoyt St. It had been backed up, then moved forward off the driveway up a hill onto the lawn. The tires lost traction, throwing dirt on top of the snow. The vehicle was then backed up across the driveway onto the lawn toward the road. It then struck a Town of New Canaan parking sign on the shoulder of the road. The sign was three feet from the edge of the road. After striking the sign, the vehicle lost traction, throwing CT Page 2044 dirt on top of the snow. In both cases, the direction of movement of the vehicle could be determined by the location of dirt thrown by the tires.
In the preprinted arrest report form, the police officer did not check the block indicating "Operation On Public Road."
The other relevant evidence in the record is an "Alcohol Influence Report" compiled by another officer.
This indicates that the plaintiff answered "No" when asked whether he was operating the vehicle and what street he was on. . . .
In the present case, there was no evidence that the plaintiff operated the vehicle on a public road. Specifically, the only relevant evidence, the police reports, does not indicate that the vehicle ever left private property — the driveway and lawn — which were off Hoyt St. That being so, there was no probable cause to believe that the plaintiff violated the statute prohibiting driving on a public road while intoxicated. . . .
Maloney, J.